## LEACH v J. C. PENNEY CO.

Ohio Appeals, 9th Dist, Lorain Co.

No. 904: Decided Dec. 2, 1938.

Levin & Levin, Lorain, for appellant.

R. H. Rice, Elyria, and Lloyd D. Miller, Cleveland, for appellee.

## OPINION

PER CURIAM:

The motion to dismiss the appeal herein is overruled.

In the trial court appellant sought to recover damages from the appellee for injuries received by him while on the premises of the appellee. The jury returned a verdict for the appellee and judgment was entered thereon. The matter is now before this court on an appeal on questions of law, with a partial bill of exceptions, which bill, however, exhibits the claimed errors upon which reliance is had, as set forth in the brief of appellant.

It is claimed that the trial court erred in permitting the appellee to introduce four photographs in evidence— the contention being that they fall within the class known as "posed" photographs.

The photographs exhibit a part of the permanent construction of a building. Although the pictures were not taken until two years after the accident, the evidence establishes beyond peradventure that the condition of the building was the same at that time as at the time of the accident.

An iron bar, used to lock doors on the inside, was a subject of controversy in the evidence. Appellee introduced the testimony of several witnesses that on the day of the accident said bar was leaning against a door jamb in a certain position, and, in order to illustrate that testimony, the bar was placed in the position indicated by such testimony

at the time the pictures were taken, and such witnesses all testified that the pictures faithfully represented not only the permanent construction of the doors and the surrounding parts of the building, but also where the bar was at the time of the accident and just after the accident.

There was a dispute in the evidence as to whether more than one light was burning in that part of the building at the time of the accident. Appellee's witnesses testified that there were two lights burning, and when one of the pictures was taken (two years after the accident) it showed two lights burning; but it was not claimed, and could not have been understood by the jury, that, merely because two lights were burning at the time the picture was taken, that was any proof of how many lights were burning at the time of the accident. That question depended upon the positive testimony of the witnesses, and the jurors could not have understood otherwise.

Considering the testimony that was offered in reference to the taking of said photographs, and the testimony of the witnesses in reference to the photographs, we are of the opinion that the photographs were admissible, and that there is no error shown by the record in their admission.

At the time the photographs were admitted, the trial judge on his own motion cautioned the jury in reference to their consideration by the jury.

At the conclusion of the charge of the court, counsel for appellant requested the court to further charge the jury upon the question of the pictures, but that request was not amplified in any manner, and the court denied the request for the stated reason that such instruction was given to the jury at the time the court ruled upon the admission of the photographs. We hold that the court did not err upon its ruling in reference to said request.

There are other errors alleged in the assignments of error, some of which we would be precluded from passing upon because of the lack of a bill of exceptions showing all of the evidence, but no errors other than those we have referred to were relied upon in argument or brief.

Finding no prejudicial error in the record, the judgment will be affirmed.

STEVENS, PJ., WASHBURN, J., and DOYLE, J., concur.