**BAILEY, Plaintiff-Appellee, v. GREELEY GENERAL
WAREHOUSE CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20861.    Decided July 19, 1948.

Baker, Hostetler & Patterson, Cleveland, for plaintiff-appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellant.

### OPINION

By HUNSICKER, J.

This is an appeal on questions of law from a judgment rendered on a verdict of a jury in a personal injury case.

The defendant (appellant) The Greeley General Warehouse Company was engaged in the business of hauling newsprint to the Plain Dealer Building. This newsprint, consisting of large rolls of paper, was hauled on a flat trailer, approximately 6 feet wide and 23 feet long. There were two places to which the paper was hauled, one, The Plain Dealer dock on Rockwell Street, the other, the Sixth Street side of the Plain Dealer Building. A tractor with trailer attached making many deliveries each day, would alternate between these unloading places, leaving a loaded trailer at one point and picking up an unloaded trailer at the other. These trailers are 42 inches high when loaded and 47 inches high unloaded.

The Plain Dealer dock is 71 feet long, 15 feet wide, 42 inches high, and is set back in an areaway 24 feet from the sidewalk. A supporting pillar stood in the center of the areaway.

The plaintiff (appellee) Alfred Charles Bailey, an employee of The Plain Dealer Company, was required every three or four months to paint numerals and lines on the face of the dock to designate parking and unloading spaces.

On August 16, 1944, Bailey, upon request of his employer, went to the dock to do the required painting. He picked his own time of 12 o'clock noon, because he said he knew that the tractor to pick up the unloaded trailer of the appellant warehouse company would not come for that trailer for an hour and, because there was less traffic in the dock areaway during the lunch hour.

The trailer was in the number 2 stall and unloaded when Bailey, who had finished all but the painting of the numeral 2 with the help of a fellow employee, pushed the trailer about 3 feet toward Rockwell Street to the front of the areaway. Bailey then sat down on a small wooden box between the rear end of the trailer and the dock, with his back to the trailer and proceeded to paint the number 2 on the face of the dock. Bailey was alone in the areaway at this time.

A driver of the warehouse company tractor, driving east on Rockwell Street, passed a little beyond where the trailer was parked and then backed up to the trailer for the purpose of coupling on to such trailer and driving it away in the course of his employment. In doing so, he pushed it back against the dock about 3 feet, striking Bailey and injuring him.

Bailey had placed no sign or warning signal that he was working behind the trailer, and the tractor driver gave no signal or warning of his intention to back into the trailer. The tractor driver testified that he had not looked at the trailer to see if it was against the dock before he backed into it.

The evidence is conflicting as to whether, when Bailey sat down to paint behind the trailer, any part of his body could be seen above the trailer bed. In depositions taken before the trial, Bailey said he did not think any part of his body was above the edge of the trailer; he believed he could be seen to the right of the trailer. At the trial, as a result of some pictures which Bailey had taken a long time after he received his injuries, he said a part of his head was above the edge of the trailer bed. These pictures, exhibits 6 and 7 were admitted in evidence.

From a judgment for Bailey on the verdict of the jury, The Warehouse Company appeals, claiming the court below erred in the following respects:

"(1) in overruling appellant's motion for judgment, or, in the alternative, in failing to direct a verdict in its favor;

(2) in failing to withdraw from the jury certain specifications of negligence;

(3) in the admission of evidence;

(4) in its general charge;

(5) in rendering judgment on a verdict that (a) was manifestly against the weight of the evidence; (b) was induced or procured by the misconduct of counsel; (c) was given under the influence of passion, prejudice and bias."

From a careful reading of all of the testimony and the circumstances disclosed thereby, a jury question was raised as to whether a reasonably prudent person would have noticed the fact that the trailer was moved from the position it had occupied against the dock; would have given some signal of his intention to back into the trailer; and would have looked before backing into the trailer. The tractor driver's failure to do these things under the factual situations present in this case presented a jury issue.

The conduct of the plaintiff in moving the trailer and then going behind it to paint a numeral on the dock, under the circumstances herein, also presented a jury issue on the subject of contributory negligence, i. e., whether or not such claimed negligence on the part of plaintiff proximately contributed to the injuries which he received.

The Warehouse Company claims that the trial court erred in failing to withdraw various specifications of negligence pleaded upon which it claims there was no evidence introduced to support such specifications.

The driver of the tractor backed into the trailer not knowing if anyone was behind such trailer. The trailer had been

moved from the position in which it had been originally placed, to a position nearer the entrance to the dock, and, when he hit it, he did so with sufficient force to push it back against the dock. From the changed position of the trailer, the driver should have known that a different situation confronted him than when the trailer was placed for the purpose of being unloaded.

The tractor driver of the Warehouse Company said that the first he knew the trailer was not against the dock was when he hit it, and that the reason he did not know it was not against the dock was because he had not looked at it before he hit it. Was he then exercising ordinary care? This was the issue the court charged upon and there is nothing contained in the charge under the facts herein that was prejudicial to the rights of the Warehouse Company. There was sufficient evidence to require the court to submit these specifications of negligence to the jury.

In the course of the trial, the plaintiff, Bailey, sought to introduce certain photographs of the dock with a trailer, similar to the one which backed against him, parked in the dock. These photographs were taken many months after the injuries Bailey received.

Two of the photographs—exhibits 6 and 7—were admitted in evidence over the objection of defense counsel. The examination with respect to the photographic evidence elicited from Bailey the position of the trailer with relation to the pillar in front center of the areaway leading to the dock, the position of the trailer both before and after it was moved, the nature of the areaway and its location. The further examination of Bailey conveyed in words a full and adequate description of all the surrounding physical facts, both those which were stationary and those movable.

The photographs were then admitted in evidence to supplement and by visual perception disclose that which Bailey testified to be the fact.

These photographs could have had no effect, other than to convey to the jurors by visual means the same facts to which Bailey testified in detail. If the words Bailey used to describe the location of the trailer before and after the event were competent, then the use of the photographs to supplement the description was not incompetent. Defendant, Greeley General Warehouse Company, could not then be prejudiced by their admission in evidence, for the real test is whether the photographs represent fairly, correctly and accurately the place where the event took place and the conditions surrounding the event. The acceptance or re-

jection of photographic evidence rests within the sound discretion of the trial court.

There is a conflict in the authorities on the subject of admitting in evidence posed photographs which reconstruct the scene of the accident.

20 American Juris. Evidence Sec. 735.

27 A. L. R. 931, et seq.

Professor Scott, in his treatise on Photographic Evidence, Chap. 19 discusses various types of posed photographic evidence.

The general rule, and one which is grounded on the highest authority is that such posed photographs are admissible where they have been properly identified as being fair and accurate representations of conditions as the witness saw it.

3 Wigmore on Evidence (Third Ed) Sec. 792 and Id. 1947 Supplement and cases cited.

3 Jones on Evidence (2d Ed.) Sec. 1418.

Ohio follows the majority rule on the subject of the admissibility of photographic evidence.

**C. H. & D. Ry. Co. v. De Onzo, 87 Oh St 109.**

**Leach v. Penney Co. 31 Abs. 220.**

It follows therefore that the trial court did not commit prejudicial error in admitting exhibits 6 and 7 in evidence.

We have examined all other claimed errors and find none prejudicial to the rights of appellant.

Judgment affirmed.

DOYLE, PJ, STEVENS, J, concur.