**SHEARS, d. b. a. EARL SHEARS, Contractor, Plaintiff-Appellant, v. VonTULGANBURG, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5486. Decided March 5, 1957.

Phillip V. Stout, Columbus, for plaintiff-appellant.
Russell E. Lamm, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from a judgment of the Common Pleas Court rendered upon the verdict of a jury in favor of the defendant-appellee on the cross-petition for the sum of $1124.50 and costs of suit. The action was one on an account wherein the plaintiff was seeking to recover for labor and material in the remodeling of a certain house owned by the defendant.

To this petition the defendant filed an answer, which was a general denial, and a cross-petition for damages for the reason that the work was performed in such a careless, unskillful and negligent manner that she was compelled to have part of the work done over and which resulted in certain damage to her property.

It was the plaintiff's theory of the case that he was an employee of the defendant engaged to furnish labor and materials for the work under the control and supervision of the defendant, and he testified to this effect. The defendant, on the other hand, asserted that the plaintiff was an independent contractor who represented that he had had 35 years experience in this type of construction. She testified that he was instructed only as to what work was to be done but not as to the manner in which it was to be performed, that she relied entirely upon his skill and experience. There was, therefore, a direct conflict in the testimony which had to be resolved by the jury under proper instructions from the

court. These we have carefully examined and find that the court did not err in defining these two relationships and pointing out the respects in which they differed.

The jury was then instructed that if the relationship was that of employer and employee, it must find in favor of the plaintiff on the cross-petition. From the verdict returned in favor of the defendant on the cross-petition it is apparent that the jury found that the plaintiff was an independent contractor and therefore liable to the defendant for any damages she may have suffered because of the negligent manner in which the work was performed. The bill of exceptions supports the verdict and we cannot say that it is against the manifest weight of the evidence.

The appellant further urges that the court committed prejudicial error in admitting into evidence certain photographs of various parts of the building some two years after the plaintiff's employment had ceased and additional work had been done on the premises. The photographs were properly identified as correctly reflecting the conditions at the time they were made and there was evidence in the record as to the changes that had been effected. Their admission into evidence rested within the sound discretion of the trial court. **Bailey v. Greeley, 52 Abs 469.**

We find no abuse in the exercise of this discretion and therefore the photographs were properly admitted into evidence.

Finding no prejudicial error in the record, the judgment will be affirmed.

PETREE, PJ, BRYANT and MILLER, JJ, concur.