**Trikilis**
**v.**
**M.J.L. Truck Sales**
*[Cite as 2 AOA 457]*

*Case No. 1807*
*Medina County, (9th)*
*Decided March 7, 1990*

*David D. Noble and John E. Sullivan, III, Attorneys at Law, 1025 Huron Rd., Cleveland, OH 44115 for Plaintiffs.*

*Michael Warrell, Attorney at Law, Box 1117, Medina, OH 44256 for Defendants.*

CACIOPPO, J.

Plaintiffs-appellants, Michael and Sandra Trikilis (Trikilis) appeal the decision of the trial court granting a directed verdict in favor of M.J.L. Truck Sales, Inc. (M.J.L.) and auctioneer Al Jones (Jones). We affirm.

On June 7, 1985, Sandra Trikilis entered into an agreement with M.J.L. whereby M.J.L. agreed to provide a trailer to her for storage of household goods. After Trikilis loaded the trailer with her family's furniture, clothing, mementos and other personal belongings, M.J.L. parked the trailer on its property for storage. Trikilis failed to pay M.J.L. monthly rental fees. On November 6, 1985, M.J.L. auctioned the contents of the trailer with Al Jones acting as the auctioneer.

On December 20, 1988, Trikilis filed a second amended complaint alleging breach of contract, tortious conversion and extreme emotional distress.

The case proceeded to a jury trial. Trikilis presented exhibits listing personal property which had been auctioned with values assigned to each item of property. The exhibits distinguished between replaceable items with sentimental value attached, replaceable items with no sentimental value such as furniture, and irreplaceable items. Sandra Trikilis testified that she assigned values to the son-sentimental replaceable items by pricing the items in stores. She assigned values to the remaining items by determining what each item was worth to her.

The trial court would not admit into evidence department store catalog pictures of furniture. The pictures were proffered. Sandra Trikilis proffered testimony that the catalog pictures were identical or similar to the furniture which was auctioned. During the course of the trial, Trikilis dismissed the cause of action alleging emotional distress.

At the close of Trikilis' evidence, M.J.L. and Jones made a motion for a directed verdict. The trial court granted the motion. The claim of breach of contract was dismissed against Jones on the grounds that no contract existed between Jones and Trikilis . Finding that a contract existed between M.J.L. and Trikilis, the trial court dismissed the claim against M.J.L. on the grounds that M.J.L. did not breach the contract. The claim of conversion was dismissed based on Trikilis' failure to provide sufficient proof of damages.

### ASSIGNMENTS OF ERROR
"I. The trial court erred by directing a verdict on the ground that plaintiff's testimony regarding the value of the converted goods was insufficient proof of damages. The measure of damage for property sold at a warehouseman's lien sale that is not conducted according to statutory requirements or any other converted property  is the value of the property to the owner and the testimony of the owner alone is sufficient evidence of damage to support a jury verdict.

III. The trial court erred by directing a verdict in favor of defendant Jones. An auctioneer who conducts an auction for a principal knowing that the property being sold does not belong to the principal is liable to the true owner for conversion of the owner's property if the sale fails to conform to legal requirements."

Trikilis argues that damages were proved through the exhibits which listed all of the property which was lost and through Sandra Trikilis' testimony as to the means she used to assign values to the property.

The measure of damages for conversion where the property is of a personal nature and would have little or no market value is the reasonable value of the property to the owner at the time of the conversion. *Erie Railroad Co.* v. *Steinberg* (1916), 94 Ohio St. 189, paragraph three of the syllabus. The owner of personal property is a competent witness as to the reasonable value of the property. *Employers' Fire Ins. Co.* v. *United Parcel Service of Cincinnati, Inc.* (1950), 89 Ohio App. 447, 450. However, the owner's opinion will not be conclusive in determining value. *Shimola* v. *Nationwide Ins. Co.* (1986), 25 Ohio St. 3d 84, 86-87. The standard of value to the owner is determined via consideration of a number of factors including value to the owner, original

cost, replacement cost, salvage value, if any, and fair market value at the time of loss. See *Employers' Fire Ins. Co.* v. *United Parcel Service, supra.* Damages for personal property destroyed may not be awarded based solely on the owner's testimony of replacement value where there is no evidence presented concerning the age, condition, replacement value, or original cost of the items. *Cooper* v. *Feeney* (1986), 34 Ohio app. 3d 282, 284.

In the case *sub judice,* Trikilis offered evidence of the replacement values of the property based on its worth to the owner, and where appropriate, based on department store prices. This evidence, in and of itself, is not conclusive of the actual value. Trikilis did not present evidence regarding the age, condition or original cost of the property.

The Supreme Court of Ohio has established the standard under which a trial court should rule on a motion for a directed verdict.
"***.

"It is the duty of a trial court to submit an essential issue to the jury when there is sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue, or, conversely, to withhold an essential issue from the jury when there is not sufficient evidence relating to that issue to permit reasonable minds to reach different conclusions on that issue."

*O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215, paragraph four of the syllabus.

In the instant case, the evidence on damages was not sufficient to permit reasonable minds to reach different conclusions on that issue.

The trial court did not commit error by granting the motion for a directed verdict on the claim of conversion where Trikilis failed to offer sufficient evidence on damages. The first and third assignments of error are overruled.

### ASSIGNMENT OF ERROR II
"The trial court erred by excluding photographs of furniture that were as nearly similar to the furniture converted by the defendants as could be reasonably obtained."

Trikilis argues that the trial court erred in excluding department store catalog pictures which were identical or similar to some of the property which was lost due to the sale conducted by appellees. Trikilis asserts that the pictures were the only method available to illustrate the lost property or to obtain an appraisal of it. Additionally, Trikilis argues that

exclusion of the pictures made it impossible to introduce the testimony of an expert as to the value of the lost property.

At the outset, we must recognize that a determination as to the admissibility of evidence is a matter generally within the sound discretion of the trial court. *Bailey* v. *Greeley General Warehouse Co.* (1948), 52 Ohio Law Abs. 469, 472-473. An appellate court will not overturn an exercise of discretion unless it has clearly been abused, and the objecting party materially prejudiced thereby. *Cincinnati Ins. Co.* v. *Maytag Co.* (May 31, 1989), Summit App. No. 13802, unreported. It is within this context that this court will examine the decision rendered by the trial court.

The trial court excluded the pictures because they were catalog pictures which represented property in a new condition with amenities which made the property appear impressive. The pictures were not pictures of the particular item involved.

Evid. R. 401 and 402 permit admission of relevant evidence or "evidence having any tendency to make the existence of any fact * * * more probable or less probable than it would without the evidence."

In the case *sub judice,* we cannot say that the trial court abused its discretion in excluding the catalog pictures. The new furniture pictured in the catalogs were not representations of the used furniture which belonged to Trikilis. Additionally, Trikilis could have introduced the testimony of an expert as to the value of the property by entering into evidence, facts about the age, condition and original cost of the property. The second assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

"The trial court erred by directing a verdict dismissing plaintiff's contract claim against defendants because the failure of the plaintiff to pay trailer rentals when due did not authorize the defendants to remove her goods from the trailer and sell them at auction."

Trikilis argues that M.J.L. and Jones breached the rental contract when they sold Trikilis' property.

A review of the record indicates that Trikilis has failed to present facts establishing that appellees breached the rental agreement. The evidence presented shows that Trikilis breached the rental agreement by failing to pay the rental fees. It is the remedy that M.J.L. chose after the breach occurred with which

Trikilis takes issue. Although Trikilis may have a claim against appellees for the sale of Trikilis' property, the facts presented do not establish a cause of action against appellees for breach of contract. The fourth assignment of error is overruled.

*Judgment affirmed.*