## PHELPS v BOARD OF TWP TRUSTEES OF BERLIN TWP, ERIE CO

Ohio Appeals, 6th Dist, Erie Co

No 480. Decided Dec 6, 1937

Young & Young, Norwalk, for appellant.
Claude J. Minor, Sandusky, for appellee.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist), sitting by designation.

## OPINION

By WASHBURN, J.

This is an action to enjoin the township trustees from opening up and improving a highway across the premises of appellant, hereinafter referred to as plaintiff, as he was below; the case having been appealed to this court on questions of law and fact

The trustees allege that the highway in question was duly laid out and opened up across the premises now owned by plaintiff, in the year 1833, and has ever since been used as a highway, and that said trustees propose to improve the same.

In 1833 a highway beginning about a mile south of Lake Erie and extending northerly to Lake Erie, was surveyed from the beginning point, a mile from Lake Erie, to Lake Erie, and it was opened up and has since been used at least to an east and west road running along the southerly shore of Lake Erie; and the controversy is over that part of such surveyed road northerly from said east and west road to the lake—a distance of a few hundred feet; plaintiff's premises being between said east and west road and the lake.

There is a conflict in the evidence as to whether the survey of the road in controversy passed through plaintiff's premises, but for the purposes of this suit, we assume, without so deciding, that it did; and that the part of plaintiff's premises which the trustees propose to "improve" is within that survey.

A similar suit of the landowner next south from plaintiff's premises was before this court (**Saunders et v Jenkins et, 17 Abs 323**), and in that case the use for many years of a part of the landowner's property between the lake and said east and west road, as a part of said north and south road, was clearly established; but we also found and decided that a former suit by or against the trustees was res adjudicata of the landowner's rights, contrary to his contentions in the suit then before us.

As is to be expected in a matter so ancient, there is a conflict in the evidence,

and the questions of fact must be determined upon the greater probabilities.

There can be no question but that the public had access to the lake for many years from near the junction of the north and south road and the east and west road, over lands in that vicinity, but we find the greater probabilities to be that a part of plaintiff's land was semi-swampy until about 35 years ago, and was not usable as a road until filled in; that no road was ever improved across plaintiff's premises, nor were his premises used as a part of a highway; that after plaintiff's land was filled in, and for much longer than 21 years, the successive owners of plaintiff's premises have maintained a stone wall and buildings along the southerly line of said premises that completely blocked its use as a highway along said survey; that during all of said time said owners, and others similarly situated, used a portion of a nearby private way, and that during that period such highway access to the lake was over such private way, or a portion of it, or premises other than plaintiff's.

From these conclusions of fact, it follows, as a matter of law, that said trustees have no right to use plaintiff's premises for highway purposes, and a decree may be entered enjoining them from so doing, without acquiring such right by purchase or by condemnation proceedings; and the costs will be assessed against said trustees.

STEVENS, PJ, and DOYLE, J, concur in judgment.