## PHELPS v TRUSTEES OF BERLIN TOWNSHIP, ERIE COUNTY

Ohio Appeals, 6th Dist, Erie Co.

No. 840. Decided May 8, 1939.

Young & Young, Norwalk, for appellant.

Claude J. Minor, Sandusky, for appellee.

WASHBURN, PJ., DOYLE and STEVENS, JJ. (9th Dist.), sitting.

## OPINION

By WASHBURN, PJ.

The matter before the court is a motion on behalf of the appellant (the plaintiff below) to retax the costs in a proceedings in equity which was disposed of by this court in December of 1937. (See **Phelps v Board, 26 Abs 298**).

It seems to be agreed that appellant paid a stenographer for preparing a transcript of the evidence given in the Common Pleas Court, which transcript was used in the trial of the case in the Court of Appeals, and that appellant failed to call to the attention of this court, or of the clerk of courts, such items of expense at the time the costs were taxed and judgment therefor entered against the appellee (the defendant below).

No other facts appear upon the hearing of this motion, which was filed over a year, and several terms of court, after the disposition of the case by this court, and no cases or statutes are referred to in the briefs for the guidance of this court in the disposition of the motion.

The action was an equity case, and was tried in this court, de novo, and by §11628 GC, this court was empowered to apportion the costs between the parties as it adjudged "to be right and equitable".

It may be assumed that, if the court's attention had been called to the item of the cost of the transcript of the evidence, it would have, under the rules of the court in the sixth appellate district, included such items of cost in the judgment against appellee. We find no statute of the state specifically governing our power to now make an order which we no doubt would have made if our attention had been called to the matter at the time the judgment was entered. But assuming that we have the power to modify the judgment as to costs as requested, it is certainly a matter of discretion in the court as to whether we should now do so.

The general rule is that a motion to retax costs should be made within a reasonable time, and that where the legislature provides no limitation as to time, the doctrine of laches or equitable limitations applies.

In the case of Kerns v Linder, 24 C. C. (N. S.) 491, the court determined that after the lapse of four years the right to have costs retaxed was lost by laches; and in this case, taking into consideration the nature of the action, the lack of excuse for the neglect of the appellant to have the omitted item included in the costs taxed, the element of lapse of time, and all of the other circumstances, we fell that we should determine that the appellant's right to have the costs retaxed has been lost, and that therefore his motion should be denied, at his costs.

**Headnote 3.**

An entry so holding has been prepared and approved, and is being sent to the clerk with this opinion, for filing.

DOYLE, J., and STEVENS, J., concur.