BOWMAN ET AL., APPELLEES, *v.* COMMUNITY MANAGEMENT CORPORATION, APPELLANT.

(No. C-830457—Decided March 21, 1984.)

*Mr. Raymond T. Faller,* for appellees Fred and Viola Bowman.

*Norman L. Slutsky Co., L.P.A.,* and *Mr. David D. Donnett,* for appellant Community Management Corp.

*Per Curiam.* This cause came on to be heard upon an appeal from the Municipal Court of Hamilton County.

Appellant and appellees, landlord and tenants respectively, entered into a rental agreement, commencing October 1, 1981, which provided for a series of twelve month-to-month tenancies at a fixed rate of monthly rent. The agreement also provided for a security deposit of $215 which would be forfeited by the tenants if the tenants vacated the apartment prior to the end of the twelve-month period. The rental agreement further provided, in pertinent part:

"The rent rate is fixed for 12 months. Thereafter, we may change your rent during the rent period by giving you a 30 day notice of a change. You must notify us in writing *within seven days after receipt of notice of your intent to either*:

"1. Remain at the new rent which is guaranteed for a full year while having the option to vacate anytime after giving proper 30 day notice *with loss* of security deposit.

"2. Remain as a tenant from

month to month at the new rate, plus $10 (ten dollars) per month, having the option to vacate any time after giving proper 30 day notice of intent to vacate *without loss* of security deposit.

"3. Vacate after expiration of the 30 day period. (*You must still give us written notice of your intent to vacate.*)" (Emphasis added.)

In late August 1982, appellant sent appellees a letter which stated that the rent would be increased at the end of the twelve-month term, effective October 1, 1982.[1] Appellees were informed by the letter that they could contact appellant and sign a new rental agreement for twelve months at a new fixed rate of rent. The letter further stated that if appellant did not hear from appellees within ten days, appellant would assume that appellees wished to stay on a month-to-month basis at a higher rate of rent than that which would be charged under the new rental agreement.

Appellees did nothing until September 21, 1982, when they informed appellant that they would be vacating the apartment as of September 30, 1982. Because appellant had only a nine-day notice, it was unable to relet the apartment for the month of October 1982. Appellant sent appellees a letter on October 8, 1982 informing appellees that appellant was retaining the security deposit to cover the rent for October 1982, for which it claims appellees were responsible under the rental agreement.

Appellees instituted a suit in Hamilton County Municipal Court to recover their security deposit. The trial court found in favor of appellees and ordered appellant to return the security deposit. The court further awarded appellees an amount equal to the security deposit and attorney fees under R.C. 5321.16(C). Appellant timely appealed.

Appellant's first and second assignments of error allege that the trial court erred in awarding appellees the return of their security deposit under both the rental agreement and R.C. 5321.17(B). We agree.

The rental agreement, which was signed and executed by both parties, provides the method of termination of the tenancy. The agreement clearly states that the appellant can increase the rent after the twelve-month period, conditioned only upon the giving of a thirty-day notice to appellees. Appellant properly notified appellees that the rent would be increased as of October 1, 1982. Therefore, under the terms of the rental agreement, appellees were able to choose one of the three options listed in the rental agreement, *supra,* all of which required a thirty-day notice of intent to vacate the apartment. Appellees did not give the required notice, and therefore appellant was justified in applying the security deposit to cover the rent for October 1982.

Appellees argue that the options listed in the rental agreement are in some way violative of "landlord-tenant law." However, they have not cited to us any law in support of this proposition. Assuming, *arguendo,* that the rental agreement was in some way void as a violation of law, the result is still the same. A month-to-month tenancy would be created by operation of law. R.C.

---

[1] Appellee Fred Bowman testified that appellees received a letter from appellant sometime after August 24, 1982, informing appellees of the increase in rent, effective October 1, 1982. Some confusion results from the fact that we are unable to locate in the record the letter to which the testimony referred. The only letter of record which refers to an increase in rent is dated August 21, 1981 and is not germane to this appeal. However, we find the necessity of the letter of August 24, 1982 is obviated because the issue was undisputed at trial, both parties testifying that appellees received written notice in August 1982 of the rental increase.

5321.17(B) requires that a landlord or tenant, terminating or failing to renew a month-to-month tenancy, must give the other party notice "at least thirty days prior to the periodic rental date." Appellees failed to give appellant the required notice under R.C. 5321.17(B) and, therefore, appellant is entitled to apply the security deposit to the October 1982 rent.

Appellees argue that the letter informing them of the increase in rent is itself a termination of the tenancy by appellant. We disagree. Appellant was entitled to increase the rent after the twelve-month period. The letter sent by appellant in August 1982 merely gave appellees the thirty-day notice required in the rental agreement before increasing the rent. Appellant's first and second assignments of error are meritorious.

Appellant's third and fourth assignments of error, alleging the trial court erred in awarding appellees an amount equal to the security deposit and attorney fees under R.C. 5321.16(C), are subsumed into our determination of appellant's first and second assignments of error and are disposed of under same.

The decision of the trial court is reversed and final judgment is entered for appellant.

*Judgment reversed.*

PALMER, P.J., BLACK and DOAN, JJ., concur.