BOOKATZ, APPELLANT, *v.* KUPPS, APPELLEE.

(No. 53454—Decided September 21, 1987.)

Norman S. Pomerantz and Paul W. Newendorp, for appellant.
Mark O'Neill, for appellee.

*Per Curiam.* Plaintiff-appellant, Sarah Bookatz, appeals from the judgment of the Cuyahoga County Court of Common Pleas which granted the motion to tax costs of defendant-appellee, Victor L. Kupps.

On October 5, 1981, the appellant filed a complaint grounded in medical malpractice against the appellee, a licensed podiatrist. The complaint alleged that the appellee, while cutting and trimming the appellant's toenails, removed a callus from the appellant's large left toe without her knowledge or consent. The removal of said callus allegedly resulted in the formation of an ulcer upon the appellant's large left toe. The appellant thus incurred medical expenses and wage losses as a consequence of the formation of said ulcer.

Upon referral of the appellant's claim of malpractice to medical malpractice arbitration pursuant to Loc. R. 37 of the Court of Common Pleas of Cuyahoga County, General Division, an award and finding were rendered for the appellee on May 31, 1984. On June 13, 1984, the appellant filed a notice of non-acceptance of the report and award of the arbitration panel and thereafter the cause of action was set for trial.

On October 17, 1986, after a trial before a jury, a verdict was returned for the appellee. No appeal was taken by the appellant from said defense verdict. Thereafter, on December 19, 1986, the appellee filed a motion with the trial court to tax "certain expenses" as costs. The appellee requested the trial court to tax as costs the following expenses:

1.  The court reporter's charge for the deposition of
    Victor L. Kupps (appellee) ................................$123.75
2.  The court reporter's charge for the deposition of
    Paula McGreehan .......................................  29.00
3.  The court reporter's charge for the deposition of
    Sarah Bookatz (appellant) .............................. 249.60
4.  The court reporter's charge for the deposition of
    Dr. Kassen ............................................ 176.60
5.  The court reporter's charge for the deposition of
    Dr. Lidsky............................................ 143.60
6.  The fees of the arbitrator paid by
    Victor L. Kupps (appellee) ............................. 250.00
7A. The court reporter's charge for the deposition of
    Dr. Miller ............................................ 126.50
7B. The travel expense of appellee's counsel for the deposition
    of Dr. Miller in New Jersey ............................ 558.95
8A. The court reporter's charge for the deposition of
    Dr. Hayes ............................................ 689.80
8B. The fee charged by Dr. Hayes to the appellee for
    giving his discovery deposition ........................ 562.50

The trial court, on February 5, 1987, partially granted the appellee's motion to tax costs and entered an order as follows:

"Motion To Tax Certain Costs Is Gtd. Items 1-2-3-4-5-7A-8A Are Taxed As Costs. Total Equals 1533.85 [*sic,* $1,538.85]. So Ordered."

Thereafter, the appellant brought this appeal.

The appellant's sole assignment of error is that:

"The trial court erred in granting defendant's post-judgment 'motion to tax certain costs.' "

However, said assignment of error raises two separate issues for review. Said issues are:

1. whether the appellee's motion to tax certain costs was timely made; and

2. whether the expenses ordered taxed as costs by the trial court were items which were properly taxable.

The appellant initially argues that the appellee's motion to tax costs was not filed in a timely fashion and therefore is barred by the doctrine of laches. Specifically, the appellant argues that the motion to tax costs must have been filed prior to the entry of final judgment by the trial court whereas the appellee did not file his motion to tax until two months after the defense verdict was returned by the jury.

Appellant relies upon the cases of *Weis* v. *Weis* (C.P. 1909), 7 Ohio Law Rptr. 385, and *Phelps* v. *Trustees of Berlin Twp.* (App. 1939), 32 Ohio Law Abs. 171. *Phelps* is premised upon a motion to tax costs which was filed more than *one year* after final judgment was entered. The *Weis* decision is premised upon the rule that a motion to tax costs must be filed with the trial court during the trial of the action in question and before final judgment is entered. *Phelps* and *Weis* were both decided before the Ohio Rules of Civil Procedure were adopted.

Civ. R. 54(D), which deals with costs, states that:

"Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

A review of Civ. R. 54(D) reflects that no specific time period is mandated in which to file a motion to tax costs. Thus, a "reasonable" period of time within which to file a motion to tax costs must be adopted.

In the case *sub judice,* the appellee filed his motion to tax costs two months after the defense verdict and one month after the appellant's time for appeal had run. The appellee did file his motion to tax costs within a "reasonable" period of time and therefore the doctrine of laches did not affect the appellee's motion to tax costs.

The appellant's second argument involves whether the expenses ordered taxed as costs were expenses which could be taxed.

A review of the seven expenses ordered taxed as costs by the trial court reveals the following:

1. The court reporter's charge for the deposition of
   Victor L. Kupps (appellee) ................................ $123.75
2. The court reporter's charge for the deposition of
   Paula McGreehan ....................................... 29.00
3. The court reporter's charge for the deposition of
   Sarah Bookatz (appellant) ................................ 249.60
4. The court reporter's charge for the deposition of
   Dr. Kassen ........................................... 176.60
5. The court reporter's charge for the deposition of
   Dr. Lidsky ........................................... 143.60
7A. The court reporter's charge for the deposition of
   Dr. Miller ........................................... 126.50
8A. The court reporter's charge for the deposition of
   Dr. Hayes ............................................ 689.80

TOTAL $1,538.85

This court, in *Jones v. Pierson* (1981), 2 Ohio App. 3d 447, 449, 2 OBR 542, 545, 442 N.E. 2d 791, 794-795, established a two-prong analysis which must be applied to a motion to tax an expense as costs and specifically held that:

"In ruling upon a motion to tax an expense as a cost, therefore, a court must first determine whether the item is a necessary litigating expense. In making this determination, the focus of the inquiry is whether an itemized expense, not declared taxable by statute, was so vital to the case that it may no longer be viewed as a mere personal expense but must be characterized as a necessary litigating expense.

"The second step of the court's determination of taxability is to decide whether a litigating expense will be awarded as a cost. Upon first consideration, Civ. R. 54(D) appears to contain an inconsistency, as it states that '* * * costs *shall* be allowed to the prevailing party *unless* the court otherwise directs.' (Emphasis added.) A review of the rule reveals, however, its clear meaning: that all litigating expenses will ordinarily be allowed to the prevailing party as costs. See Staff Note to Civ. R. 54(D). While a court does have some discretion to refuse to allow as costs litigating expenses not required to be taxed by statute, Civ. R. 54(D) mandates that in most cases all litigating expenses *shall* be awarded as costs to the prevailing party. Thus, the court's discretion to disallow costs is limited to overruling a motion to tax a litigating expense only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party."

In addition, subsequent Ohio case law has established that the taking of depositions is good legal practice and is essential to the preparation for trial. The denial of the expense of said depositions as costs, where neither unusual nor unreasonable, is an abuse of discretion on the part of the trial court.

"A determination of whether or not an expense will be allowed as a taxable cost under Civ. R. 54(D) requires a two-step analysis by the trial court. *Jones* v. *Pierson* (1981), 2 Ohio App. 3d 447. The first step of the inquiry is to determine whether an expense is a taxable litigating expense or a personal expense. This is followed by a decision as to whether a litigating expense should be taxed as a cost in the particular case at bar.

"Much of the funds expended by a party are necessary and vital to the litigation and must be characterized as a taxable litigating expense which will normally be awarded as costs to the prevailing party pursuant to Civ. R. 54(D). In most cases, all litigating expenses shall be awarded as costs. *Jones, supra.*

"A trial court's discretion to disallow costs is limited to refusing to tax a litigating expense as a cost only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party.

"There was no indication by the trial court that the cost of taking the two defendants' depositions was an unusual expense. The amount assessed was reasonable.

"Civ. R. 54(D) allows assessment of the cost of deposition if allowed by the trial court. Certainly taking depositions is good legal practice and considered essential to the proper preparation for trial. Denying this cost was an abuse of discretion by the trial court." *Horne* v. *Clemens* (1985), 25 Ohio App. 3d 44, 46, 25 OBR 118, 120, 495 N.E. 2d 441, 444.

A review of the case *sub judice* reveals that the depositions taken by the appellee were not unusual expenses in type or amount. In addition, the taking of said depositions was good legal practice and was essential to the preparation for trial. Thus, the trial court did not abuse its discretion in taxing as costs the hereinabove cited deposition expenses.

Therefore, the appellant's assignment of error is not well-taken.

*Judgment affirmed.*

STILLMAN, P.J., SHOEMAKER and MITROVICH, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District; FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas; and PAUL H. MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment in the Eighth Appellate District.