**ZITTKOWSKI, Appellant,**

**v.**

**ZITTKOWSKI, Appellee.**

[Cite as *Zittkowski v. Zittkowski* (1990), 70 Ohio App.3d 484.]

Court of Appeals of Ohio,
Lake County.

No. 89–L–14–085.

Decided Dec. 3, 1990.

*David J. Sternberg,* for appellant.

*Mary Ann Rini,* for appellee.

JOSEPH E. MAHONEY, Judge.

Appellant, Brigitte Zittkowski, appeals the dismissal of her "Motion to Tax as Costs."

On October 13, 1988, the trial court granted appellant a divorce from the appellee and ordered the appellee to pay the costs of the action. On October 25, 1988, appellant filed a "Motion to Tax as Costs," requesting the following items to be taxed as costs of the original action:

| | | |
|---|---|---:|
| (1) | The report of Dr. Robert Daroff, M.D. | $100.00 |
| (2) | The cost to transcribe the proceedings before Referee Donald Klingenberg held Friday, January 8, 1988 | 90.10 |
| (3) | The copying costs billed by Ameritrust Co. to plaintiff's counsel, David J. Sternberg, for copying certain bank records | 63.90 |
| | TOTAL | $254.00 |

The referee held a hearing on the motion on January 19, 1989. On January 31, 1989, the referee filed his report, wherein he found that the expenses should not be taxed as costs and recommended dismissing the motion.

The referee's recommendation was based on the application of the two-step analysis for determining taxable costs under Civ.R. 54(D) as outlined in *Horne*

*v. Clemens* (1985), 25 Ohio App.3d 44, 25 OBR 118, 495 N.E.2d 441, and *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791.

On February 14, 1989, appellant filed her objections to the referee's report. The matter was set for a hearing on the briefs and on May 9, 1989, after making its own independent determination, the trial court adopted the referee's report *in toto.*

Appellant has filed a timely appeal and now brings the following assignment of error:

"The trial court erred in dismissing appellant's motion to tax as costs certain expenses incurred in litigating this matter."

In *Horne v. Clemens, supra,* 25 Ohio App.3d at 46, 25 OBR at 120, 495 N.E.2d at 444, this court stated:

"A determination of whether or not an expense will be allowed as a taxable cost under Civ.R. 54(D) requires a two-step analysis by the trial court. *Jones v. Pierson* (1981), 2 Ohio App.3d 447 [2 OBR 542, 442 N.E.2d 791]. The first step of the inquiry is to determine whether an expense is a taxable litigating expense or a personal expense. This is followed by a decision as to whether a litigating expense should be taxed as a cost in the particular case at bar.

"Much of the funds expended by a party are necessary and vital to the litigation and must be characterized as a taxable litigating expense which will normally be awarded as costs to the prevailing party pursuant to Civ.R. 54(D). In most cases, all litigating expenses shall be awarded as costs. *Jones, supra.*

"A trial court's discretion to disallow costs is limited to refusing to tax a litigating expense as a cost only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the nonprevailing party.

"There was no indication by the trial court that the cost of taking the two defendants' depositions was an unusual expense. The amount assessed was reasonable.

"Civ.R. 54(D) allows assessment of the cost of deposition if allowed by the trial court. Certainly taking depositions is good legal practice and considered essential to the proper preparation for trial. Denying this cost was an abuse of discretion by the trial court." See, also, *Adkins v. Wright* (Sept. 30, 1987), Ashtabula App. No. 1285, unreported, 1987 WL 17998; *Bookatz v. Kupps* (1987), 39 Ohio App.3d 36, 528 N.E.2d 961.

In addressing the first step of the analysis, the *Jones* court noted that:

"Ohio has long recognized that there exists a difference, for the purpose of awarding costs, between personal expenditures outlaid during litigation and

litigating expenses.  Personal expenses, which are not taxable as costs, are those expenses expended by a party in preparing a case for trial.  *Pope v. Pollock* (1889), 46 Ohio St. 367 [21 N.E. 356].  On the other hand, necessary litigating expenses are taxable costs pursuant to Civ.R. 54(D); that is, as much of the funds expended by a party as are necessary and vital to the litigation must be characterized as taxable costs which will normally be awarded to the prevailing party.  * * * "  *Jones v. Pierson, supra,* 2 Ohio App.3d at 449, 2 OBR at 544, 442 N.E.2d at 794.

The referee concluded that the expenses should not be taxed as costs and made the following observations:

" * * * The Referee notes that the vast majority of objections to Referee's reports are filed without the benefit of a complete transcript of the proceedings before the Referee.  The report of Dr. Daroff was not given as the result of a motion for physical examination, or Court order, but was, rather, presented to the Court along with the report of Dr. Garwood, pursuant to stipulation and agreement of counsel.  In fact, most of the property issues in this case were resolved by stipulation and agreement of counsel.  Conspicuously absent from this extensive list of stipulations is any stipulation that the items in question be taxed as costs.  Under these circumstances, the Referee finds that the items in questions [*sic*] should not be taxed as costs."

■ Appellant argues that the transcript of the January 8, 1988 hearing before the referee was necessary to support her objections to the referee's report pursuant to Civ.R. 53(E)(6) and, therefore, it was a necessary and vital litigating expense.  Appellant's argument has merit.

Civ.R. 53(E)(6) provides in pertinent part:

" * * * The court may adopt any finding of fact in the referee's report without further consideration *unless the party who objects to that finding supports that objection with a copy of all relevant portions of the transcript from the referee's hearing* or an affidavit about evidence submitted to the referee if no transcript is available.  * * * " (Emphasis added.)

Thus, in filing her objection to the January 8, 1988 referee's report, appellant needed the transcript to support her objection.

The transcript was a necessary litigating expense and not a mere personal expense;  it was neither an unusual nor unreasonable expense and, thus, the trial court abused its discretion in denying it.  *Horne, supra.*

■ Next, appellant argues that the cost of Dr. Daroff's report and the copying costs of the Ameritrust Bank records, both of which were stipulated to and attached as exhibits to the stipulations, should have been taxed as costs.

The referee refused to tax these as costs because the doctor's report was not the result of a court order or a motion for physical examination and was stipulated to, as were the bank records.

In adopting the referee's report, the trial court must have agreed that these items were not necessary and vital litigating expenses. Under the first step of the *Jones* two-step analysis, the trial court could have reasonably concluded that these expenses were personal expenses incurred in preparing the case for trial.

It cannot be said that the trial court abused its discretion in denying the recovery for these costs. While the doctor's report and the bank records may have been helpful in obtaining stipulations, the trial court could conclude that they were not necessary and vital to the litigation.

Accordingly, appellant's argument is not well taken as to the doctor's report and bank records.

For the foregoing reasons, the judgment of the trial court is reversed as to the expense of the transcript and affirmed as to the other two items, the doctor's report and copies of the bank records. The within cause is, therefore, remanded to the trial court and the latter is to enter judgment of $90.10 for the cost of the transcript.

*Judgment accordingly.*

CHRISTLEY, P.J., and BASINGER, J., concur.

RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.