ACCELERATED JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, Maryann Kinas ("appellant"), appeals the decision of the municipal court, which awarded damages in the amount of $1,081 in favor of appellee, John Barran ("appellee"), on his complaint for return of his security deposit.
 {¶ 2} Pursuant to a lease agreement, appellee rented a house from appellant. After the original term of the lease agreement expired, appellee rented the house from appellant on a month-to-month basis and continued to pay rent of $1,200 per month. Sometime in August 2003, appellee verbally informed appellant that he was terminating the lease and would be vacating the house by the end of the month. Prior to leaving, a gas leak sprang in the house, was repaired by appellee's friend, and a bill for the repair was submitted to appellant for payment. Appellee finally vacated the house in September 2003, he did not give a forwarding address in writing, did not return a garage door opener, and retained some of the keys to the house.
 {¶ 3} Approximately 30 days after appellee left, appellant tendered a check to appellee for $600, which was one-half of the $1,200 amount for the security deposit. Appellant did not provide an itemization of damages, nor did she give appellee any reason for not returning the security deposit in its entirety. Appellee rejected the $600 tender and filed suit against appellant for return of his security deposit, seeking an award of $2,400, which is double the amount of the security deposit. Thereafter, appellant filed a counterclaim for the $1,200 security deposit and an additional $1,000 in other damages to the house.
 {¶ 4} The municipal court held a hearing on the matter in December 2003. At the hearing, the parties stipulated to the following facts: (1) appellant and appellee entered into a written lease agreement; (2) the lease agreement expired and continued on a month-to-month basis; (3) appellant held a security deposit in the amount of $1,200; (4) appellee gave appellant verbal notice that he was vacating the premises at the end of August 2003; (5) appellee gave appellant verbal notice of his forwarding address; (6) appellee finally moved out of the house on September 5, 2003; and (7) appellee failed to return a garage door opener. After the hearing, the magistrate issued its decision on a form used by the municipal court, finding in favor of appellee (as to his claim and appellant's counterclaim) in the amount of $481.01. Because neither party issued objections to the magistrate's decision, it was adopted by the municipal court as the final order in January 2004.
 {¶ 5} After judgment was entered, appellee sent a letter to appellant seeking not only a check in the amount of the judgment ($481.01 plus court costs and 10% interest from the date of the December hearing), but also requesting that appellant make funds available for the $600 check first tendered to appellee. In response, appellant informed appellee that she would pay the judgment (plus court costs and interest) in full once appellee signed a release, but that he was to return the $600 check as that amount was not part of the judgment. Appellant then filed a motion to satisfy judgment, which the municipal court set for hearing. The magistrate continued the hearing because appellee contended that the amount of the judgment was not correct and required appellant to deposit the total amount due on the judgment. Pursuant to the magistrate's order, appellant deposited $632.12 with the clerk, which was the amount of the judgment, including court costs and interest to date, calculated by the clerk's office.
 {¶ 6} Appellee then filed a motion to modify judgment, insisting that the amount of the judgment should have included the $600 tender made by appellant prior to the lawsuit. The municipal court set the motion for a hearing in June before official court hours and it appears that appellant encountered problems with locked doors at the courthouse on the date of the hearing. The hearing was conducted without appellant and appellee was permitted to testify that, at the December hearing, he presented a $600 check to the municipal court and that appellant told appellee (as well as the court) that the $600 check should be considered as part of any judgment issued. Thereafter, the magistrate issued its decision, finding in favor of appellee in the amount of $1,081 and treating appellee's motion to modify judgment as a motion to vacate/reconsider based on an "alleged fraud."
 {¶ 7} Appellant filed his request for findings of fact and conclusions of law, but the municipal court denied the motion, ruling that the magistrate's findings were unequivocal.[1] Appellant then filed an objection to the magistrate's decision, asserting that she did not tell the court to take the $600 check into consideration when issuing a judgment because she placed a stop payment order on the check prior to the December hearing. Without addressing any of appellant's objections, the municipal court approved and confirmed the magistrate's decision and entered judgment in favor of appellee in the amount of $1,081. Appellant also filed a motion to tax as costs the costs for preparing the transcripts of the December and June hearings in connection with her objections, but the municipal court denied appellant's motion. Appellant now appeals, citing three assignments of error. For the following reasons, we reverse and remand the matter for further proceedings.
 I. {¶ 8} Appellant argues, in her first assignment of error, that the municipal court's decision is against the manifest weight of the evidence. In particular, she contends that appellee is not entitled to any damages, as he did not give 30 days notice of his intent to terminate the month-to-month tenancy, he held over into the month of September, and he did not provide written notice of his forwarding address. Appellant's contentions are well-taken.
 {¶ 9} R.C. 5321.16 provides in pertinent part:
 {¶ 10} "* * *
 {¶ 11} "(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.
 {¶ 12} "(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."
 {¶ 13} R.C. 5321.17(B) provides:
 {¶ 14} "Except as provided in division (C) of this section, the landlord or the tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rental date."
 {¶ 15} When a tenant fails to give the required 30 days notice of his intent to terminate the month-to-month tenancy, R.C. 5321.16(B) and5321.17(B) allow a landlord to apply the security deposit for the amount due for rent. Bowman v. Community Management Corp. (1984),14 Ohio App.3d 31, 469 N.E.2d 1038, at syllabus; Fennel v. MayflowerManor Apts. (Nov. 29, 1995), Summit App. No. 17224. Here, appellee stipulated that he did not give 30 days notice of his intent to terminate the month-to-month tenancy and he stipulated that he did not leave the house until September 5, 2003. As a result, the municipal court should have found in favor of appellant on appellee's complaint, allowing appellant to retain the security deposit of $1,200 for September's unpaid rent.
 {¶ 16} Although appellant did not provide appellee with an itemization of damages, appellee stipulated that he did not provide written notice of his forwarding address as required pursuant to R.C. 5321.16(B). Per statute, appellee is not entitled to any damages or attorney fees. Thus, the municipal court's decision awarding appellee damages on his complaint is reversed and the matter is remanded simply to determine appellant's damages, if any, as to her counterclaim.
 II. {¶ 17} For her third assignment of error,[2] appellant contends that the municipal court abused its discretion when it denied her motion to tax as costs the preparation of the transcripts from the December and June hearings. Appellant argues that since Civ.R. 53(E)(3)(c) requires a transcript to be provided with an objection to a magistrate's decision, then the preparation of the transcript should be permitted to be taxed as a cost to the action and the mere denial of appellant's motion is unreasonable. Here, the municipal court denied appellant's motion without any reason or basis upon which this court may review. Because the preparation of the transcript is required under Civ.R. 53(E)(3)(c), the blanket denial of appellant's motion appears arbitrary. See Zittkowskiv. Zittkowski (1990), 70 Ohio App.3d 484, 487, 591 N.E.2d 396
(holding that the transcript was a necessary litigating expense and not a personal expense in order to file an objection to the referee's report pursuant to Civ.R. 53(E)(6) [former analogous section to Civ.R. 53(E)(3)(c)].) Thus, the municipal court abused its discretion in denying appellant's motion to tax as costs the preparation of the transcripts from the December and June hearings.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Kilbane, J., concur.
[1] The judgment entry specifically provides that "[t]he Court finds that Magistrate was unnequivial [sic] in his findings and therefore no further action is required."
[2] Appellant's second assignment of error, contending that the municipal court erred in adopting the magistrate's decision without conducting an independent review of the record, is raised in the alternative to her first assignment of error. Because this court found appellant's first assignment of error well-taken, it need not address the second assignment of error.