HORNE, APPELLANT, *v.* CLEMENS ET AL., APPELLEES.

(No. 1180—Decided April 5, 1985.)

APPEAL: Court of Appeals for
Geauga County.

A. P. Leary, for appellant.
James P. Burnes, for appellees.

DAHLING, P.J. Plaintiff, William Jeffrey Horne, a classified civil servant and employee at Metzenbaum Sheltered Industries, which is part of the Geauga County Board of Mental Retardation, instituted an action pursuant to Section 1983, Title 42, U.S. Code against two of his superiors, George D. Clemens and Richard Klepper. Plaintiff alleged violations of his right to due process. Plaintiff contended that defendants engaged in a course of conduct which consistently denied him due process and identified four areas of concern: his personnel file, his suspension, his transfer, and his employment by CETA. Defendants filed a motion for summary judgment which was overruled by the trial court.

At trial, the court dismissed the "transfer" aspect of the plaintiff's claim for failure to exhaust administrative remedies. This was done prior to the seating of the jury. At the close of plaintiff's case, the trial court eliminated the "CETA" issue on defendants' motion.

The jury found that sufficient due process had been accorded plaintiff with regard to his suspension. They found that plaintiff's due process rights had been violated by defendants in their placing certain documents in plaintiff's personnel file. The jury awarded plaintiff $6,000 for mental anguish. Defendants have appealed the jury verdict.

Plaintiff filed a motion for attorney fees for 222.5 hours at an hourly rate of $85, or a total of $18,912.50. The trial court awarded $6,000, even though it expressly found that the hourly rate was reasonable and there was no challenge to the number of hours claimed.

Plaintiff requested an award of $1,593.75 for attorney fees for time spent litigating the fee petition. The trial court overruled the request.

Plaintiff requested, pursuant to Civ. R. 54(D), that the cost of taking the two defendants' depositions, $730.55, be taxed as costs. The trial court overruled this request.

ASSIGNMENT OF ERROR NO. I:

"I. Once having determined that the number of hours claimed and the hourly rate claimed is not in dispute, and further having determined that the defendants' wrongful course of conduct could not be separated into distinct, separate claims, the trial court erred in awarding plaintiff-appellant less than one-third of the requested attorneys fees."

This assignment of error is not well-taken.

*Hensley* v. *Eckerhart* (1983), 461 U.S. 424, at 435, states:

"Where plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. * * * [Citation omitted.] Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."

The trial court awarded $6,000 for the attorney fees. It found that the hourly rate was reasonable and there was no challenge to the number of hours claimed. We affirm the attorney fee award of $6,000. The plaintiff filed three causes of action and prevailed on one.

## ASSIGNMENTS OF ERROR NOS. II AND III:

"II. The trial court erred in failing to award appellant any attorney's fees for litigating his fee petition."

"III. The trial court erred in failing to tax as costs the cost of defendants' depositions taken by plaintiff-appellant."

These assignments of error will be considered together. They are with merit.

Plaintiff's attorney fees in litigating the fee expense was a reasonable request. An attorney is entitled to reasonable compensation for services performed in connection with litigation. Defendants have not contested the amount involved.

A determination of whether or not an expense will be allowed as a taxable cost under Civ. R. 54(D) requires a two-step analysis by the trial court. *Jones* v. *Pierson* (1981), 2 Ohio App. 3d 447. The first step of the inquiry is to determine whether an expense is a taxable litigating expense or a personal expense. This is followed by a decision as to whether a litigating expense should be taxed as a cost in the particular case at bar.

Much of the funds expended by a party are necessary and vital to the litigation and must be characterized as a taxable litigating expense which will normally be awarded as costs to the prevailing party pursuant to Civ. R. 54(D). In most cases, all litigating expenses shall be awarded as costs. *Jones, supra.*

A trial court's discretion to disallow costs is limited to refusing to tax a litigating expense as a cost only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party.

There was no indication by the trial court that the cost of taking the two defendants' depositions was an unusual expense. The amount assessed was reasonable.

Civ. R. 54(D) allows assessment of the cost of deposition if allowed by the trial court. Certainly taking depositions is good legal practice and considered essential to the proper preparation for trial. Denying this cost was an abuse of discretion by the trial court.

Judgment modified to include $1,593.75 for attorney fees in litigating the fee petition, and $730.55 deposition expense to be taxed as costs. Defendants to pay all court costs.

Judgment modified and affirmed as modified.

*Judgment accordingly.*

FORD, J., concurs.

COOK, J., dissents.