## Glover v. Massey
### Case No. 56351, 56802
### Cuyahoga County, (8th)
### Decided January 11, 1990
[Cite as 1 AOA 266]

*For plaintiff-appellee/cross-appellant:*
Mary J. Paolano, 1010 Standard Building, Cleveland, OH 44113,

*For defendant-appellant/cross-appellee:*
William A. Walker, 618 The Huntington Bldg., 529 Euclid Avenue, Cleveland, OH 44115.

PATTON, J.,

This is an appeal and a cross-appeal from a jury verdict that awarded plaintiff Frances Glover the sum of $24,696 as compensation for injuries she sustained when she slipped and fell in defendant Joseph Massey's basement. Defendant appeals from that verdict and assigns the following errors for review:

I. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT-APPELLANT'S MOTION FOR A DIRECTED VERDICT AT THE END OF PLAINTIFF'S OPENING STATEMENT.

II. THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT-APPELLANT'S MOTION FOR A DIRECTED VERDICT AT THE END OF THE PLAINTIFF'S CASE, AS THERE WAS INSUFFICIENT EVIDENCE PRESENTED BY THE PLAINTIFF TO CREATE A FACTUAL ISSUE FOR THE JURY AND AS A MATTER OF LAW THE COURT SHOULD HAVE GRANTED THE MOTION.

III. THE COURT ERRED IN ADMITTING EVIDENCE OF A PHOTOGRAPHIC NATURE PURPORTING TO SHOW THE SCENE OF THE ACCIDENT WHICH, IN FACT, DID NOT FAIRLY AND ACCURATELY DEPICT THE CONDITIONS ON THE DAY OF THE INCIDENT.

IV. THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE AND BASED ON PASSION AND PREJUDICE AND IS CONTRARY TO LAW.

V. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT-APPELLANT'S MOTION FOR A MISTRIAL AND/OR MOTION FOR A NEW TRIAL.

VI. THE TRIAL COURT ERRED IN REFUSING TO CHARGE AS REQUESTED BY THE DEFENDANT-APPELLANT ON REMOTE CAUSE AND PRIMARY ASSUMPTION OF THE RISK.

Plaintiff raises one cross-assignment of error that contests the trial court's denial of her motion to tax as costs various expenses she incurred during litigation.

Plaintiff was a tenant of defendant. Prior to moving in, she obtained permission to place a washer and dryer in the basement of the three-apartment building.

Water from the washer was expelled through a pipe that emptied into an open drain in the basement floor. Plaintiff alleged that the drain would regularly back up, causing the floor area near the drain to flood. She maintained that defendant was aware of the flooding and had promised on several occasions to have the drain fixed. A plumber testified that he had been called to unclog the drain.

Plaintiff had been using the washer and the floor had flooded. The water turned dirt on the floor into a slick coating of mud. Despite the fact that defendant had spread cardboard boxes on the floor to prevent slipping, plaintiff slipped and fells, sustaining serious back injuries.

Dependant testified and denied that he had hired someone to unclog the drain. He

maintained that plaintiff was aware of the water and was comparatively negligent in failing to prevent her fall.

## I.

The first and second assigned errors complain that the trial court improperly denied defendant's motions for directed verdicts following plaintiff's opening statement and at the close of plaintiff's evidence.

In Helmick v. *Republic-Franklin Ins. Co.* (1988), 39 Ohio St. 3d 71, paragraph one of the syllabus states:

"When a motion for directed verdict is made by a defendant at the conclusion of the plaintiff's case and is overruled, the defendant's right to rely on the denial of that original motion as error is not waived when the defendant proceeds to present his evidence and defense *as long as the motion is renewed at the conclusion of all the evidence. (Halkias* v. *Wilkoff Co.* [1943], 141 Ohio St. 139, 25 O.O. 257, 47 N.E. 2d 199, paragraphs two and three of the syllabus, overruled.)" (Emphasis added).

The partial record fails to indicate whether defendant renewed his motion at the conclusion of all the evidence. It is the defendant's responsibility to exemplify his claimed errors. See App. R. 9(B); *In re Adoption of Foster* (1985), 22 Ohio App. 3d 129, 131. With the absence of a substantiated error , we must presume that the trial judge acted properly. Accordingly, we overrule the first and second assigned errors.

## II.

The third assigned error complains that photographs of defendant's basement taken several weeks after plaintiff's fall were improperly admitted into evidence.

A photograph of an accident scene may be used to aid and assist the jury in understanding the testimony of a witness. *Bailey* v. *Greeley General Warehouse Co.* (1948), 52 Ohio Law Abs. 469. The acceptance of photographic evidence rests within the sound discretion of the trial court. *Id.*

Plaintiff's photographs, taken two weeks after her fall, depicted the basement floor and flooding around the floor drain. The photographs were not intended to depict the actual conditions at the time of the accident, but were admitted to clarify plaintiff's testimony regarding the flooding. We conclude that the court did not abuse its discretion by admitting the photographs for this limited purpose. The third assigned error is overruled.

## III.

The fourth and fifth assigned errors relate to inconsistencies in the jury's answers to special interrogatories. In Interrogatory No. 2, the seven members of the jury determined that plaintiff did not commit an act of negligence which directly and proximately caused her injuries. However, in Interrogatory No. 4, when asked to apportion the percentage of negligence of each party, all eight jurors found that plaintiff's negligence accounted for sixteen percent of her injuries. Defendant moved for a mistrial on the basis of these answers. That motion was denied, along with a subsequent motion for a new trial.

The answers to interrogatories should be construed, if possible, in a way that harmonizes them with the general verdict. *Midwest Specialties, Inc.* v. *Firestone Tire & Rubber Co.* (1988), 42 Ohio App. 3d 6. In this case, the trial judge was able to harmonize the answers by polling the jurors. All the jurors affirmatively stated that they believed plaintiff was sixteen percent negligent, despite their earlier answer that plaintiff was not negligent.[1] Based on this inquiry, we find no abuse of discretion.

Defendant next contends that the damage award was so great as to be a product of passion or prejudice.

It is primarily the province of the jury to assess damages and that determination should not be disturbed unless it appears to have been the result of passion or prejudice or is such as to shock the sense of fairness or justice. *Powell* v. *Schiffauer* (Feb. 2, 1989), Cuyahoga App. No. 54930, unreported, at 7; see, also, Civ. R. 59(A) (4). In *Margiotta* v. *Douglas* (Dec. 20, 1982), Cuyahoga App. No. 44687, unreported, we stated, "Size, *per se*, will not suffice for proof of passion or prejudice *** [s]hould the verdict be so overwhelmingly disproportionate as to shock reasonable sensibilities, a different conclusion might be justified. *Id.*, at 31 (citation omitted).

Having reviewed the expert testimony concerning plaintiff's injuries, we cannot conclude that the damage award was the result of passion or prejudice. The fourth and fifth assigned errors are overruled.

## IV.

The sixth assigned error is that the trial

court erred by failing to instruct the jury on the theories of primary assumption of the risk and remote cause.

Primary assumption of the risk is a principle of no duty, or no negligence, that denies the existence of an underlying cause of action. See, generally, Prosser & Keeton, Law of Torts (5 Ed. 1984), 496-497, Section 68. Absent a breach of duty by the defendant, there is no action to compare with plaintiff's negligence. *Cincinnati Base Ball Club Co.* v. *Eno* (1925), 112 Ohio St. 175, 180-181; *Collier* v. *Northland Swim Club* (1987), 35 Ohio App. 3d 35, 37. Primary assumption of the risk is distinguished from secondary, or implied, assumption of the risk, where the plaintiff consents or acquiesces to an appreciated, known or obvious risk to plaintiff's safety. *Collier, supra.*[2]

The trial court correctly denied the proposed jury charged on primary assumption of the risk. Pursuant to R.C. 5321.04(A) (2), a landlord has a duty to make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition. A violation of that statutory duty is negligence *per se. Anderson* v. *Ceccardi, supra*, at paragraph two of the syllabus.

It is apparent that defendant's statutory duty foreclosed any application of the defense of primary assumption of the risk. Hence, the proposed instruction on that theory was legally inapplicable.[3]

The trial court also properly rejected defendant's proposed instruction on remote cause. Remote cause centers on consequences of negligent acts that were not reasonably foreseeable as a probable result of the negligence. *Armour & Co.* v. *Ott* (1927), 117 Ohio St. 252. The evidence showed that defendant was aware of the flooding in the basement area. Since foreseeability of harm usually depends upon the defendant's knowledge, *Menifee* v. *Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, it is apparent from this record that defendant fully understood the consequences of the flooding in the basement. The proposed instruction on remote cause was not a proper statement of the law as applied to the facts of this case. *Romeo* v. *State* (1931), 39 Ohio App. 309. The sixth assigned error is overruled.

## V.

In her cross-assignment of error, plaintiff complains that the trial court abused its discretion by denying her Civ. R. 54(D) motion to tax as costs her necessary litigation expenses. Plaintiff lists the following items:

(1) the fee of the treating physician, Dr. Richard Kaufman, for his video-tape testimony; $700.00

(2) court reporter expense for Dr. Kaufman's deposition; $558.00

(3) video-tape editing and playback of his deposition and that of David Glover; $735.00

(4) a copy of the transcript of the deposition of Frank Hendricks, also a treating physician; $ 207.70

(5) the video tape deposition (by phone conference and video tape) of David Glover, who is stationed in California and is an out of state witness; $312.20

(6) the court reporter for that deposition; $125.00

(7) the video tape edit and playback of that tape for the court and jury (included in the $735.00)

(8) a copy of the deposition transcript of Frances Glover used for impeachment by defendant; $209.25

(9) transcript of Jury Questions and Jury Poll - used by plaintiff to respond to defendant's motion for mistrial on the grounds of the poll; $48.00

TOTAL:    $ 2,895.65

*Jones* v. *Pierson* (1981), 2 Ohio App. 3d 447, we set forth a two-step analysis for determining when an expense will be allowed as a taxable costs under Civ. R. 54(D). First, the court must determine whether an expense is a taxable litigating expense or a personal expense. Personal expenses are those expenses expended by a party in preparing a case for trial; necessary expenses are funds expended by a party as are necessary and vital to the litigation. *Id.*, at 449. Next, the court should decide whether a litigating expense should be taxed as a cost in the particular case at bar. While the court retains discretion in this regard, that discretion should be exercised to overrule a motion to tax litigating expenses only where the expense is unusual in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party. *Id.*

The trial court properly refused to tax item (1), the fee for the treating physician, Dr. Kaufman. An expert witness's fee is not

taxable as costs to be charged against the losing party. See *Moore* v. *General Motors Corp.* (1985), 18 Ohio St. 3d 259, 260-261; *Dorleo* v. *Woodruff* (1988), 42 Ohio App. 3d 13, 14.

As to the expense of transcribing the Kaufman videotape deposition, the trial court was within the scope of its discretion, in denying recovery for that cost. There is no requirement in this county that videotape depositions be transcribed.[4] While transcription of the videotape may be helpful, the trial judge could conclude it was not necessary and vital to the litigation.

Items (3), (5) and (7) require reference to C.P. Sup. R. 12(D) (1) which sets forth the following rules concerning videotape depositions:

(1) *Videotape Depositions.*
(a) The expense of videotape as a material shall be borne by the proponent.
(b) The reasonable expense of recording testimony on videotape shall be costs in the action.
(c) The expense of playing the videotape recording at trial shall be borne by the court.
(d) The expense of playing the videotape recording for the purpose of ruling upon objections shall be borne by the court.
(e) The expense of producing the edited version of the videotape recording shall be costs in the action, provided that the expense of the videotape, as a material, shall be borne by the proponent of the testimony.
(f) The expense of a copy of the videotape recording and the expense of an audiotape recording of the videotape sound track shall be borne by the party requesting the copy.

Item (5), the videotape deposition of David Glover should have been assessed as a cost of the action pursuant to C.P. Sup. R. 12(D)(1)(b).[5]

Items (3) and (7) were the videotape editing and playback of the Glover deposition. Playback of the deposition was an expense to be borne by the trial court under C.P. Sup. R. 12(D)(1)(c). It is unclear whether that tape was edited prior to trial, in which case that cost would be a cost of the action, or edited during trial, in which case the cost would be borne by the court. Plaintiff did submit an invoice that indicates the Glover videotape was edited in-court. See Exhibit C to Brief in Support of Motion to Tax Costs. Based on that exhibit, the court, in its discretion, could deny recovery for that cost, although it should have been assessed as a court cost.

Item (4) concerns a copy of the Hendricks deposition. The taking of depositions may be taxed as court costs. *Horne* v. *Clemens* (1985), 25 Ohio App. 3d 44; *Bookatz* v. *Kupps* (1987), 39 Ohio App. 3d 39. Those costs however, must be neither unusual in type or amount. *Horne, supra,* at 46. Plaintiff submitted an expense of $207.70 for a *copy* of the Hendricks deposition. The trial court could, in its discretion, deem that expense to be unnecessary. This is especially so when plaintiff obtained the copy solely for the purpose of reading it into the record at trial.

Item (6) concerns an expense for having a court reporter at the out-of-state videotape deposition of David Glover. C.P. Sup. R. 12(A)(3) provides that an officer before whom a videotape deposition is taken shall be one of those persons enumerated in Civ. R. 28. Civ. R. 28(B), in turn, allows depositions to be taken before any duly authorized person of the foreign state. Since that expense was necessary, the trial court abused its discretion by not taxing $125 as a cost of the action. *Horne* v. *Clemens, supra.*

Item (8) concerns a copy of plaintiff's deposition that was used for impeachment purposes by defendant. In *Jones* v. *Pierson, supra,* we held that the expense of a deposition used only for impeachment purposes is generally not so vital as to constitute a necessary expense to be taxed as a cost. *Id.,* at 451. We find no abuse of discretion in the denial of recovery for this item. See, also, *Rice* v. *Dudick Corrosion-Proof, Inc.* (May 31, 1989), Summit App. No. 13955, unreported.

Finally, item (9) concerns the cost of the transcript used in order to respond to defendant's motions for a mistrial and new trial regarding the jury's answers to the special interrogatories. We believe the trial court abused its discretion by labelling this cost "personal". Under *Jones,* the cost of transcribing this portion of the record was certainly necessary in order to respond to defendant's motion. The court's finding that this expense was "personal" was arbitrary. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219.

Accordingly, we remand with instructions to enter judgment of $312.20 for item (5), $125 for item (6) and $48 for item (9). In all other respects, the assigned errors and cross-assignment of error are overruled.

Judgment is affirmed in part and reversed in part.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is, therefore, considered that said appellee recover of said appellant her costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

MCMANAMON, C.J. and SWEENEY, J., Concur.

[1] The jurors' confusion apparently arose from their misunderstanding of whether plaintiff's negligence "directly" caused her injuries, as opposed to whether her actions were "deliberate."

[2] In Anderson v. Ceccardi (1983), 6 Ohio St. 3d 110, the defense of assumption of the risk was merged with the defense of contributory negligence. Id., syllabus. The court did caution that the merger of those defenses did not merge the defense of primary assumption of the risk. Id., at 114.

[3] We note that at least one court, adopting Section 496F of 2 Restatement of the Law 2d, Torts (1965), has denied assertion of primary assumption of the risk in a case where a landlord has violated housing regulations. See Scoggins v. Jude (D.C. App. 1980), 419 A. 2d 999. The Scoggins court stated it would "undermine the public policy implicit in the Housing Regulations if we were to permit the argument that a tenant of substandard premises had the reasonable alternative of leaving the premises under lease." Id., at 1004.

[4] Compare Loc. R. 1.46 of the Court of Common Pleas for Montgomery County:
(a) In addition to the requirements of Rule 12 of the Rules of Superintendence for Courts of Common Pleas, a written transcript of the deposition shall be filed when the videotape is filed.
See, also, Richards v. Hadder (July 26, 1985), Montgomery App. No. CA 9244, unreported.

[5] Defendant contends that the mandatory language of C.P. Sup. R. 12(D) (1) conflicts with the permissive language of Civ. R. 54(D). We conclude that the specific portions of the Rules of Superintendence control over the general language of the Rules of Civil Procedure. See Friday v. Rice (1987), 37 Ohio App. 3d 113.