COUTO, Appellant and Cross–Appellee,

v.

GIBSON, INC. et al., Appellees and Cross–Appellants.

COUTO, Appellee,

v.

GIBSON, INC. et al., Appellants.

[Cite as *Couto v. Gibson, Inc.* (1990), 67 Ohio App.3d 407.]

Court of Appeals of Ohio,
Athens County.

Nos. 1409, 1412.

Decided April 19, 1990.

408

*Southeastern Ohio Legal Services* and *Richard R. Renner*, for David Couto.

*Lavelle Law Offices, William A. Lavelle* and *Frank A. Lavelle*, for Gibson, Inc. and John Miller.

---

HARSHA, Judge.

This is a consolidated appeal from judgments entered by the Athens County Court of Common Pleas granting the motion of David Couto, plaintiff-appellant and cross-appellee in case No. 1409 and appellee in case No. 1412, for partial summary judgment on his complaint alleging R.C. Chapter 1345 Consumer Sales Practices Act violations by Gibson, Inc. ("Gibson") and John Miller, defendants-appellees and cross-appellants in case No. 1409 and appellants in case No. 1412, and, further, following a bench trial on the applicable damages, determining that Couto was not entitled to recover damages because the amount of his damages resulting from water leaking from the air conditioning unit of his vehicle was less than the setoff for the reasonable value of Couto's continued use of the vehicle. The trial court assessed court costs to Gibson and Miller and overruled Gibson and Miller's motion for sanctions and attorney's fees against Couto and/or his attorney. Subsequently, the trial court overruled Gibson and Miller's motion to modify the judgment entry and allocate a portion of the costs against Couto.

On October 22, 1985, Couto filed a complaint naming Gibson, Inc., Miller, Ford Motor Credit Company ("Ford Credit") and Ford Motor Company ("Ford Motor") as defendants which alleged, in pertinent part, as follows. On or about June 25, 1984, Couto entered into a lease with a purchase option with the defendants for a 1984 Mercury Topaz automobile. The term of the lease was thirty-six months, involving a $225 security deposit, monthly payments of $203.07, and an option to purchase the automobile at the end of the lease term for $5,099. Additionally, the lease provided that Couto would pay Ford Credit six cents per mile for each mile in excess of 45,000 miles at the end of the lease and if the lease was terminated prior thereto, this excess mileage charge would be figured on a pro rata basis.

As part of the lease transaction, Gibson agreed to install an air conditioner in the 1984 Mercury Topaz which would be the same as a factory installed air conditioner. In installing the air conditioner, Gibson disabled the car's remaining ventilation so that it could not provide air, scratched the plastic interior, put holes in the car's floor panel and glove compartment, and placed the air conditioner so that it would drip water on the passenger's feet. Couto requested that the defendants correct the defects, and upon their refusal to do

so, that they rescind the transaction. Defendants refused to rescind the transaction, and, thereafter, defendants Gibson and Miller told Couto that they would allow him to trade cars if Couto waited a year so that he could build up equity in the 1984 Mercury Topaz. After over a year following this conversation, Couto was advised by Gibson and Miller to get a new and bigger car at a substantial additional cost.

Couto's complaint further alleged that the defendants' acts and practices constituted unfair and deceptive consumer practices, violated eleven of the substantive rules adopted by the Attorney General and set forth in the Ohio Administrative Code, and also were actions which had previously been found to be unfair or deceptive by court decisions available for public inspection pursuant to R.C. 1345.05(A)(3). Couto claimed actual damages in the amount of $9,813.15 and prayed for total damages in the amount of $323,833.95, *i.e.*, treble actual damages for each of the eleven alleged rule violations. Couto's complaint was limited to a prayer for "actual and statutory damages" and did not explicitly request either rescission or injunctive relief.

The defendants filed answers generally denying the allegations of Couto's complaint and Ford Credit further filed a counterclaim which stated that Couto had defaulted on the lease by failing to remit the required monthly payments, that the automobile was thus repossessed and sold by Ford Credit, and that, after application of the net proceeds of such sale to the amount due from Couto, he still owed $3,822.64. Ford Credit's counterclaim prayed for this amount.

Responses to requests for admissions as well as answers to interrogatories were filed by the parties, including the uncontroverted evidence that Couto had driven the automobile approximately 38,500 miles and that he made lease payments totalling $2,678.39 prior to terminating his monthly payments. Depositions of both Couto and Miller were filed. In Couto's deposition, he stated that one of the requirements he had in purchasing a car was that it have air conditioning and that he "wouldn't want to buy the air conditioner, if [they] had to cut out a section of my glove compartment in order to install the thing." Couto further stated that he had attempted to rescind the transaction but the defendants had refused.

On June 30, 1986, without amending or seeking leave to amend his original complaint, Couto filed a pretrial statement which asserted twenty-nine rather than eleven violations of the Consumer Sales Practices Act. Couto stated in this pretrial statement that he elected to rescind on one of the violations and elected to recover treble actual damages for each of the other twenty-eight violations. On July 16, 1986, Couto filed a motion for partial summary judgment against Gibson and Miller, requesting judgment in his favor with

respect to twenty-three violations of the Consumer Sales Practices Act and seeking rescission for one of the alleged violations and treble actual damages for each of the other twenty-two alleged violations. Couto's motion for summary judgment additionally sought injunctive relief. Subsequently, the defendants filed motions for summary judgment.

On September 30, 1986, Judge Thomas S. Hodson filed a "DECISION AND JOURNAL ENTRY" which, *inter alia*, granted the motion for summary judgment of Ford Credit on its counterclaim for $3,822.64 against Couto and further held as follows:

"[T]he court finds in favor of plaintiff on his motion for summary judgment in limited part, in that the court finds that plaintiff was damaged by defendants Ford Motor Co. and Gibson and Miller. The court, however, further finds that the amount of damages in this case is the difference in value between a non-defective air conditioner and the one with a leaky valve.

"The parties should submit evidence as to those values at a hearing before the court and at that hearing the court shall consider any reasonable set-off value for plaintiff's use of the car for 38,000 miles."

The trial court's entry did not specify which, if any, of Couto's alleged Consumer Sales Practices Act violations had been committed by Gibson and Miller and had been proven by the pertinent Civ.R. 56(C) summary judgment evidence such that there was no genuine issue of material fact. On June 4, 1987, Couto filed a motion for reconsideration of the trial court's September 30, 1986 entry, arguing in part that the trial court had erred in not granting him at least the $200 statutory damages award for each alleged violation. On January 6, 1988, Judge Fred J. Shoemaker, who had been assigned to the case, overruled Couto's motion for reconsideration.

Judge James E. Stilwell was subsequently assigned to the case and on August 12, 1988, he entered a pretrial order which stated that the sole issue for determination by the jury and the court would be the calculation of actual damages consisting of the difference in value between an automobile with a nondefective air conditioner and an automobile with an air conditioner with a leaky valve. Judge Stilwell also noted in the pretrial order that he would consider submitting to the jury the issue of whether the defendants were entitled to a reasonable setoff value for Couto's use of the automobile. Couto later withdrew his demand for a jury trial.

At a bench trial held on November 15, 1988, Couto testified as to damages suffered, and Gibson and Miller's counsel argued that they were entitled to a setoff of $1,590.84, consisting of two unpaid lease payments when the car was still in Couto's possession and a pro rata calculation of Couto's excess mileage penalty, from any damages suffered by Couto. Ford Motor's counsel asserted

that, based upon an Internal Revenue Code provision, the defendants were entitled to a setoff of twenty-two and one-half cents per mile for the approximately 38,500 miles that Couto used the automobile. Judge Stilwell noted during this hearing that he was going to "limit it to what the Judge found" and that he was "limited * * * in what this Court has found."

On November 28, 1988, Judge Stilwell filed a judgment entry finding that Couto was "nominally damaged" as a result of water leaking from the air conditioning unit of his vehicle and that such damage was less than the reasonable setoff for the value of the subsequent use of the vehicle by Couto. The trial court further assessed court costs against defendants Miller, Gibson, and Ford Motor and overruled the defendants' motion for sanctions and attorney's fees against Couto and his attorney. The trial court made an express determination of no just reason for delay. Couto filed an appeal and Gibson and Miller filed a cross-appeal from this judgment.

On December 13, 1988, Gibson and Miller filed a motion to modify the November 28, 1988 entry so as to allocate a portion of the court costs to Couto. On January 18, 1989, the trial court filed a journal entry overruling the motion to modify. Upon a joint motion noting a settlement, on January 26, 1989, the trial court vacated any judgment entered in favor of Ford Credit, dismissed all claims by Couto against Ford Credit and Ford Motor, and dismissed Ford Credit's counterclaim against Couto. Gibson and Miller filed an appeal from the trial court's entry refusing to allocate a portion of the court costs to Couto.

In case No. 1409, Couto assigns the following error:

"The trial court erred in limiting Couto to actual damages less a set-off in the September 30, 1986, Decision on summary judgment.

"A. Consumers have a right to elect between rescission or statutory damages.

"B. Trial court improperly allowed a setoff for reasonable use of the car.

"C. Consumers may seek other relief to further the CSPA's remedial purposes."

Couto essentially contends, *inter alia*, that the trial court erred in limiting him to actual damages less a setoff where it limited Couto to recovery of damages for a leaky valve, that the trial court should have allowed Couto to elect rescission, that the trial court should have provided him an award of damages for each of the twenty-three violations alleged in his motion for partial summary judgment, that there should have been no setoff for Couto's use of the car, and that injunctive relief and reasonable attorney fees should have been awarded.

We initially note that Couto's appeal is from an entry granting partial summary judgment. Civ.R. 56(C) provides, in pertinent part, as follows:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

In order to be entitled to summary judgment, the following must be demonstrated: (1) that there is no genuine issue of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph seven of the syllabus.

The preeminent difficulty encountered by this court in attempting to address the various issues raised by Couto's appeal herein is the ambiguity engendered by Judge Hodson's September 30, 1986 entry. This entry stated that Couto's motion for partial summary judgment was granted in "limited part" since Couto was "damaged." The court made no finding as to which, if any, of the asserted Consumer Sales Practices Act violations alleged in Couto's complaint and motion for partial summary judgment had been shown to have been committed by Gibson, Inc. and Miller.

Civ.R. 56(D) provides as follows:

"If on motion under this rule summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court in deciding the motion, shall examine the evidence or stipulation properly before it, and *shall if practicable, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal*

*specifying the facts that are without controversy,* including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." (Emphasis added).

█ This provision places a compulsory duty upon the trial court to make a pretrial order that formulates the issues in order to salvage whatever constructive results have come from judicial effort. See, *e.g.,* 6 Moore's Federal Practice (1987) 56–1223, para. 56.20[3.–3], analyzing the analogous federal provision. The pretrial order entered pursuant to Civ.R. 56(D) must specify the uncontroverted material facts. 10A Wright, Miller & Kane, Federal Practice and Procedure (1983) 459–460, Section 2737. Specification of the uncontroverted material facts on the granting of partial summary judgment assures: (1) meaningful appellate review, as well as (2) a minimization of duplication of judicial effort. See, *e.g., Brumley Estate v. Iowa Beef Processors, Inc.* (C.A.5, 1983), 704 F.2d 1351; *Hanson v. Aetna Life & Cas.* (C.A.5, 1980), 625 F.2d 573, 575.

In *Brumley Estate, supra,* at 1359, the United States Fifth Circuit Court of Appeals held that the absence of reasons upon which partial summary judgment was based was not, of itself, fatal where the pertinent facts were "undisputed" and a remand to the trial court to formally articulate its reasons for its grant of partial summary judgment would serve neither of the two functional purposes for specification of the uncontroverted material facts. In the case at bar, unlike *Brumley Estate, supra,* the material facts *are* disputed. Indeed, Gibson and Miller's main argument on appeal is that the trial court never determined that they had violated any provision of the Consumer Sales Practices Act. Conversely, Couto asserts that the trial court determined that the defendants had violated such Act and rules promulgated by the Ohio Attorney General thereunder.

█ Judge Hodson's September 30, 1986 entry failed to state which, if any, of the alleged violations were uncontroverted material facts in his pretrial order pursuant to Civ.R. 56(D). Moreover, both Judge Shoemaker and Judge Stilwell proceeded under the erroneous notion that they lacked the power to modify the September 30, 1986 entry. See, *e.g.,* Moore's Federal Practice, *supra,* at 56–1224–1225, where it is indicated that a pretrial order entered pursuant to the analogous Fed.R.Civ.P. 56(d) is interlocutory in nature and hence subject to revision by the trial court. See, also, *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379, 21 O.O.3d 238, 239, 423 N.E.2d 1105, 1106, fn. 1.

■ We are aware that findings of fact and conclusions of law are generally unnecessary when a court decides Civ.R. 56 motions for summary judgment. Civ.R. 52. We are additionally aware of the legal axiom that every reasonable presumption must be made in favor of the judgment. *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350, 1357. However, it is manifest from the record herein that we cannot meaningfully review the merits of Couto's appeal and the attendant issues raised therein where there is a total lack of compliance with Civ.R. 56(D), the issues and facts are not uncontroverted, and the subsequent judges acted under a misconception of the applicable law in stating that they could not revise the September 30, 1986 entry by Judge Hodson. Indeed, the issues raised, *i.e.*, whether or not Couto is entitled to treble actual damages and/or statutory damages for each violation of a rule promulgated by the Ohio Attorney General, are arguably dependent upon whether the trial court determined which, if any, of the alleged violations were found to be committed by the defendants to the extent that summary judgment was appropriate.

On remand due to the preclusion of meaningful appellate review created by the September 30, 1986 entry's failure to comply with Civ.R. 56(D), the trial court should review the pleadings, answers to interrogatories, responses to requests for admissions, affidavits, and filed depositions and determine whether any of the alleged violations are resolvable by summary judgment and if some of these are, the trial court should enter an order pursuant to Civ.R. 56(D) determining which violations are effectively proven or disproven and which must proceed to resolution by trial. If none of the alleged violations can be resolved by summary judgment, all of the alleged violations must be resolved by further proceedings.

In that we have determined that the judgment appealed from by Couto, and, more specifically, the September 30, 1986 pretrial order of Judge Hodson, did not provide the specific uncontroverted facts pursuant to Civ.R. 56(D) to allow meaningful appellate review herein, Couto's first assignment of error is sustained.

In case No. 1409, Gibson and Miller assign the following error on cross-appeal:

"The court below erred in failing to award Gibson and Miller's request for sanctions and attorneys fees."

Civ.R. 11 provides, in pertinent part, as follows:

"The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief *there is good ground to support it; and that it is not interposed for delay.* If a pleading is not signed or is signed with intent to defeat the purpose of

this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served. *For a willful violation of this rule an attorney may be subjected to appropriate action.* Similar action may be taken if scandalous or indecent matter is inserted." (Emphasis added).

R.C. 1345.09(F) provides as follows:

"(F) The court *may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if either of the following apply:*

"(1) *The consumer complaining of the act or practice that violated this chapter has brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith;*

"(2) The supplier has knowingly committed an act or practice that violates this chapter." (Emphasis added).

On July 30, 1986, Gibson and Miller filed a motion to compel payment of attorneys fees and imposition of sanctions pursuant to R.C. 1345.09(F)(1) and Civ.R. 11. The trial court's November 28, 1988 judgment entry overruled the aforementioned motion.

 The decision to impose sanctions pursuant to Civ.R. 11 lies within the discretion of the trial court and absent an abuse of such discretion, the decision of the trial court will not be reversed. *State, ex rel. Fant, v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. An abuse of discretion connotes more than just an error in judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030; *Miller v. Miller* (1988), 37 Ohio St.3d 71, 523 N.E.2d 846. Gibson and Miller essentially assert in their cross-appeal that the trial court abused its discretion in failing to grant their motion for Civ.R. 11 sanctions where there was no "good ground to support" Couto's prayer for relief regarding treble actual damages for each substantive rules violation. However, R.C. 1345.09(B) is ambiguous in that it is susceptible of the interpretation sought by Couto. Accordingly, we find no abuse of discretion by the trial court in failing to impose Civ.R. 11 sanctions against Couto and his counsel herein.

 With respect to the trial court's overruling of Gibson and Miller's motion for reasonable attorney fees, it is a general rule that a prevailing party may not recover attorney fees as costs of litigation in the absence of statutory authority unless the breaching party has acted in bad faith, vexatiously, wantonly, obdurately or for oppressive reasons. *Gahanna v. Eastgate Properties, Inc.* (1988), 36 Ohio St.3d 65, 66, 521 N.E.2d 814, 816. R.C. 1345.-09(F)(1) provides that the court may award to the prevailing party a reason-

able attorney fee limited to the work reasonably performed if the consumer brought or maintained an action that is groundless, and the consumer filed or maintained the action in bad faith. For the reasons previously discussed, since Couto's complaint was arguably neither groundless nor brought in bad faith, the trial court did not abuse its discretion in denying Gibson and Miller's motion for attorney fees. Moreover, there is no indication that Gibson and Miller are prevailing parties where they were found liable to Couto. Additionally, where no evidence is presented as to the amount of reasonable attorney fees, such fees may not be awarded pursuant to R.C. 1345.09(F). See, e.g., *Gaylan v. Towell Cadillac, Inc.* (1984), 15 Ohio Misc.2d 1, 15 OBR 243, 473 N.E.2d 64; *Murphy v. Koepke Motors* (Mar. 29, 1984), Cuyahoga App. No. 47257, unreported, 1984 WL 5013. In their July 30, 1986 motion, Gibson and Miller did not present any evidence as to the amount of their reasonable attorney fees. For the foregoing reasons, Gibson and Miller's assignment of error on cross-appeal is meritless and is overruled.

In case No. 1412, Gibson and Miller assign the following error:

"It was an abuse of the trial court's discretion to tax costs against defendants in the action below."

■ Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs. Civ.R. 54(D). The rule is not a grant of absolute right for court costs to be allowed to the prevailing party much less a grant of right to attorney fees. *State, ex rel. Gravill, v. Fuerst* (1986), 24 Ohio St.3d 12, 13, 24 OBR 10, 11, 492 N.E.2d 809, 810.

■ Much of the funds expended by a party are necessary and vital to the litigation and must be characterized as a taxable litigating expense which will normally be awarded as costs to the prevailing party pursuant to Civ.R. 54(D), and in most cases, all litigating expenses shall be awarded as costs. *Horne v. Clemens* (1985), 25 Ohio App.3d 44, 46, 25 OBR 118, 119, 495 N.E.2d 441, 443; *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791. A trial court's discretion to disallow costs is limited to refusing to tax a litigating expense as a cost only where such expense is an unusual expense in type or amount which, because of the prevailing party's conduct, it is inequitable to assess against the non-prevailing party. *Horne, supra,* 25 Ohio App.3d at 46, 25 OBR at 119, 495 N.E.2d at 443; *Jones, supra.*

■ In the case at bar, the cost of microfilming the complete record herein was $847, of which Gibson and Miller assert that approximately eighty-five percent was created by Couto's pleadings, motions, etc. However, given the difficult issues raised herein as well as the myriad of substantive rules

violations alleged, we are not persuaded that the cost of microfilming such record was an unusual expense. Additionally, in that Couto was essentially the prevailing party herein on the issue of liability, we find no abuse of discretion on the part of the trial court in overruling Gibson and Miller's motion to modify the assessment of costs. Therefore, Gibson and Miller's assignment of error in case No. 1412 is overruled.[1]

In conclusion, for all of the foregoing reasons, in that we have sustained Couto's assignment of error in case No. 1409, we reverse the judgment of the trial court therein, and remand for further proceedings consistent with this opinion. With respect to case No. 1412, the judgment of the trial court is affirmed.

*Judgment accordingly.*

STEPHENSON, J., concurs.

GREY, J., dissents.

STEPHENSON, Judge, concurring.

I concur in the judgment and opinion but would further note that upon remand that if a deceptive act is found to have occurred, appellant would be entitled to $200 in damages even if the value of the reasonable use of the vehicle is greater than the damages to appellant due to the faulty air conditioner. See R.C. 1345.09(B).

GREY, Judge, dissenting.

I respectfully dissent.

In spite of the paper war that went on here, this case is simply one of a leased car which had a leaky air conditioner. The trial judges were not fooled by the plethora of paper. Judge Hodson's entry of partial summary judgment, while not as specific as might be hoped, indicated that the court was rejecting all CPSA claims, but allowing the leaky air conditioner claim on essentially a contract theory. I find no error in that determination. Nor do I find any error in Judge Stilwell's decision. He found the air conditioner leaked, allowed nominal damages, allowed a setoff for the value of the use of the car.

There is no ambiguity which would require that this case be remanded under Civ.R. 56(D). The purpose of pleading and pretrial motions in the Civil

---

1. In that we are reversing and remanding the original entry which assessed costs and the trial court could possibly find on remand either side to be "prevailing parties," a final assessment of these costs must await the trial court's final disposition herein.

Rules is to eliminate the surplusage and to bring the case to issue. If the parties fail to do so, as was done here, then the trial judge must do it for them, as was done here.

I would overrule all the assignments of error and affirm the judgment of the trial court *in toto*.