## Rosenbaum v. Voorhees
*[Cite as 3 AOA 311]*

*Case No. 89-G-1522*
*Geauga County, (11th)*
*Decided May 18, 1990*

*Gary B. Kabat, Jonathan F. Sobel, 6151 Wilson Mills Road, Highland Heights, Ohio 44143, for Plaintiff-Appellant/Cross-Appellee.*

*Neil K. Evans, Mark S. Weisman, 800 National City, E. 6th Bldg., 1965 East 6th Street, Cleveland, Ohio 44114-2262, for Defendants-Appellees/Cross-Appellants.*

LYNCH, J.

Karen Rosenbaum, the appellant/cross-appellee ("the appellant") brought an action for fraud and deceit in the sale of residential real estate against Donald and Joan Voorhees, the appellees/cross-appellants ("the appellees") and certain other real estate agencies and agents who are not parties to this appeal. The appellant alleged that the appellees failed to disclose material defects in the house including a water leakage problem in the basement and deficiencies in the plumbing system.

A four-day jury trial was held in the Geauga County Court of Common Pleas, after which the jury returned a verdict in favor of the appellees. The appellees, thereafter, filed a motion to tax as costs pursuant to Civ. R. 54(D) certain expenses incurred during the litigation. The appellant filed a brief in opposition to the appellees' motion. The trial court granted the appellees' motion with respect to deposition expenses in the amount of $1,421.10 but denied their request to tax as costs the expense for photographs used at trial ($225) and expert witness fees ($2,235).

The appellant timely appealed from the trial court's order allowing deposition expenses to be taxed as costs. Thereafter, the appellees filed their cross-appeal of the trial court's denial of their request to tax as costs the expenses for photographs and expert witnesses.

The appellant presents one assignment of error:

"The trial court committed prejudicial error by granting in part appellees' motion to tax certain litigation expenses as costs under Ohio Civil Rule 54(D)."

The appellees present one cross-assignment of error:

"The trial court committed prejudicial error by denying taxing as costs to plaintiff/appellant the expenses of photographs used at trial and expert witness fees incurred by defendants/cross-appellants."

In her sole assignment of error, the appellant asserts that the trial court erred in allowing deposition expenses to be taxed as costs pursuant to Civ. R. 54(D). Civ. R. 54(D) states:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

An analysis of the issue presented must begin with *Barrett v. Singer Co.* (1979), 60 Ohio St. 2d 7, wherein the Ohio Supreme Court held that the expense of a deposition which is *not* used as evidence at trial is to be borne by the party taking such deposition and not taxed as costs. *Id.* at syllabus. To tax as costs the expense of a deposition not used at trial might discourage the

"reasonable exercise" of taking depositions. *Id.* at 11.

In determining whether or not an expense will be allowed as a taxable cost, this court has previously adopted the two-step analysis set forth in *Jones* v. *Pierson* (1981), 2 Ohio App. 3d 447. In *Jones, supra,* the court held:

"A determination of whether or not an expense will be allowed as a taxable cost under Civ. R. 54(D) requires a two-step analysis by the trial court. The first step of the inquiry is to determine whether an expense is a taxable litigating expense or a personal expense; this is followed by a decision as to whether a litigating expense should be taxed as a cost in the particular case at bar." *Id.* at paragraph one of the syllabus.

Further, the court in *Jones, supra,* stated in regard to deposition expenses:

"The expense of a deposition used only for impeachment purposes is generally not so vital to the litigation as to constitute a necessary litigating expense which will be taxed as a cost. The court may nonetheless in its discretion determine that such deposition is so vital for impeachment purposes as to become a taxable litigating expense." *Id.* at paragraph five of the syllabus.

In *Horne* v. *Clemens* (1985), 25 Ohio App. 3d 44, this court adopted the approach taken in *Jones, supra.* See, also, *Adkins* v. *Wright* (Sept. 30, 1987), Ashtabula App. No. 1285, unreported. This court held in *Horne, supra:*

"A trial court's discretion to disallow costs is limited to refusing to tax a litigating expense as a cost only where such expense is an unusual expense in type or amount which because of the prevailing party's conduct it is inequitable to assess against the non-prevailing party.

"* * *

"Civ. R. 54(D) allows assessment of the cost of deposition if allowed by the trial court. Certainly taking depositions is good legal practice and considered essential to the proper preparation for trial. Denying this cost was an abuse of discretion by the trial court." *Id.* at 46.

Our decision in *Horne, supra,* has since been followed by the Eighth Appellate District in *Bookatz* v. *Kupps* (1987), 39 Ohio App. 3d 36. See, also, *Rice* v. *Dudick Corrosion-Proof Inc.* (May 31, 1989), Summit App. No. 13955, unreported.

From the foregoing cases, it is clear that the trial court should use the two-step analysis set forth in *Jones, supra.* If it determines that the expense in question is a taxable litigating expense, then it must decide whether the litigating expense should be taxed as a cost in that particular case. The trial court is in the best position to determine whether the expense of a deposition used only for impeachment purposes is so vital to the litigation as to constitute a necessary litigating expense.

In the present case, the depositions in question were used for impeachment purposes. It is evident from the record that the trial court determined that the expense of those depositions was vital to the litigation as to constitute a necessary litigating expense. The appellant has failed to show that the trial abused its discretion in taxing as costs these deposition expense.

The appellant's assignment of error is without merit.

In the appellees' cross-assignment of error, they argue that the trial court erred in failing to tax as costs certain expenses incurred by the appellees in obtaining photographs and expert testimony.

The appellees assert that the two-step analysis established in *Jones, supra,* should be used in determining whether these expenses should be taxed as costs. They further assert that if the two-step analysis is applied, this court would find that these expenses were necessary and vital litigation expenses which are properly taxable as costs to the appellant. The appellees fail to address the second step of the analysis which provides the trial court with a wide range of discretion in deciding whether a litigating expense should be taxed as costs in a particular case. It is clear that the trial court in this case made the decision that these expenses should not be taxed as costs, and the appellees have failed to show abuse of discretion.

While the appellees were unable to support their argument with any case authority, the appellant has supplied two Ohio cases that specifically disallowed expert fees as costs pursuant to Civ. R. 54(D). In *Gold* v. *Orr Felt Co.* (1985), 21 Ohio App. 3d 214, the court stated:

"* * * Nor are we aware of any other source of authority which allows for an expert witness' fee to be charged against the losing party. To the contrary, this court has expressly disallowed such an award." *Tom Harrigan Oldsmobile, Inc.* v. *Illini Building Systems, Inc.* ([Mar. 5, 1981]. Montgomery App. No. 6896, unreported); accord *Hammell* v. *Ted Papenhagen Oldsmobile, Inc.* ([May 11, 1984], Lucas App. No. L-83-397, unreported). "Likewise, it is the position of the federal courts that Fed. R. Civ. P. 54(D) does not authorize taxing as costs a party's expert witness' fee."

*Illinois* v. *Sangamo Const. Co.* (C.A. 7, 1981), 657 F. 2d 855. *Id.* at 216.

For the foregoing reasons, the appellees' cross-assignment of error is not well taken.

*Judgment affirmed.*

CHRISTLEY, P.J., FORD, J., concur.